## Jessie R. Van Vlissingen, Appellee, v. Peter Van Vlissingen, Appellant.

### Gen. No. 17,109.

1. DIVORCE—*request for jury trial.* A request for a jury trial by a party to a divorce suit under R. S. Ch. 40, Sec. 7, need not be in writing

2. DIVORCE—*jury trial.* Where several issues of fact are presented in a suit for divorce, among which is the substantive ground upon which the divorce is sought, the conviction of the husband of forgery, it is error under R. S. Ch. 40, Sec. 7, to deny the husband's request for a trial by jury.

3. DIVORCE—*imprisoned defendant is entitled to a writ of habeas corpus ad testificandum.* Where a husband sued for divorce on the ground of having been convicted of forgery, is imprisoned in the penitentiary, it is error to refuse to grant his petition for a writ of *habeas corpus ad testificandum,* and it is not sufficient to admit that if present he would testify as set forth in the petition, since

he has a right to face the complainant and witnesses and to assist his counsel during the trial.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

LOUIS GREENBERG, for appellant; HUGO J. THAL and I. T. GREENACRE, of counsel.

ROBERT F. PETTIBONE, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by Peter Van Vlissingen from a decree of the Circuit Court, entered July 13, 1910, granting the complainant, Jessie R. Van Vlissingen, a divorce from him on the ground that he had been convicted of a forgery. The decree allowed her to resume her former name, and perpetually enjoined him from claiming any right, title or interest in or to any real estate owned by her, and especially from claiming any right, title or interest in a farm in Virginia, and from claiming any right to household furniture and other personal property. The bill filed by complainant alleges among other things, that the defendant was convicted of the crime of forgery in the Criminal Court of Cook County. The defendant appeared by counsel and filed an answer, afterwards amended, in which the conviction was denied, as well as other matters alleged in the bill. To this amended answer a replication was filed.

It is urged as one of the grounds upon which this decree should be reversed that the proof of a conviction was insufficient in that the certified copy of the order of judgment of the Criminal Court, commonly called the penitentiary *mittimus,* fails to show the record of the case in that it omits (1) any order for the grand jury; (2) the impaneling of the grand jury;

(3) the appearance of the grand jury in open court returning an indictment at the bar; (4) the arraignment of the accused; (5) his plea; and (6) a proper *placita.*

It is argued that in the absence of any statutory provision in that respect, the fact that a person has been convicted of a crime must be proved as at common law, that is, by the introduction of the whole record, or an exemplification of such record. As we must remand this cause upon other grounds, we express no opinion upon these objections. At another hearing counsel for complainant will doubtless supply any deficiencies in the proof he may think necessary to be supplied.

When the cause was called for trial the defendant, by his counsel, requested a trial by jury, which was denied by the court, who proceeded to hear the evidence and try the cause. Section 7, chapter 40, entitled "Divorce," Hurd's Illinois Statutes, is as follows: "When the defendant appears and denies the charges in the complainant's bill for a divorce, either party shall have the right to have the cause tried by a jury." Clearly, under this statute, defendant was entitled to have granted his request for a jury trial. The suggestion by complainant's counsel that the request was not in writing is without merit. A request in such a case need not be in writing. Neither is there any force in the argument that there was no issue of fact to be presented to a jury. Several issues of fact were presented, among which was the substantive ground upon which the divorce was sought. The refusal to grant a jury trial was a denial to the defendant of a right to which he was entitled, and was reversible error. We also hold that it was error to refuse to grant the petition of the defendant for a writ of *habeas corpus ad testificandum.* When the case was called for trial the defendant was imprisoned in the penitentiary at Joliet, so that it was impossible

for him to be present at the trial without the aid of the court. While the disposition of such a petition is within the discretion of the court, yet we are inclined to hold that a prisoner confined within the jurisdiction of the court is in most cases entitled to the aid of the court in obtaining his presence at a trial where he is a defendant. (Church on Habeas Corpus, 2nd Ed., Sec. 94, p. 151.) It is not a sufficient answer to say that opposing counsel will admit that if present defendant would testify as set forth in the petition. His presence in court to face the complainant and the witnesses and to assist his counsel during the trial, are rights of which he should not be deprived except under extraordinary circumstances.

For the reasons indicated the decree will be reversed and the cause remanded.

*Reversed and remanded.*