Lillian Caplow, Appellee, v. Sam Caplow, Appellant.
Gen. No. 33,461.

Opinion filed January 2, 1930.

Frankel & Bloom, for appellant.

Frank P. McGinn, for appellee.

Mr. Justice Ryner delivered the opinion of the court.

On August 18, 1928, the complainant filed her bill for divorce in the superior court of Cook county, charging the defendant with cruelty. The defendant answered, denying the allegations of the bill.

On December 12, 1928, the cause was set for trial for January 18, 1929, upon motion of the complainant. On December 18, 1928, the cause was reset for trial for December 21, 1928, upon motion of the complainant.

On December 20, 1928, a petition for a change of venue, based upon the prejudice of the trial judge and

in the usual form, was presented by the defendant and denied. On December 21, 1928, the cause came on for trial. The motion for a change of venue was renewed and denied. The defendant then before the taking of any evidence, made an oral motion for a jury trial, which was likewise denied.

The court then proceeded to hear evidence and, at the conclusion of the hearing, granted the complainant a decree of divorce. We have examined the evidence and think it sufficient to support the decree and that the only questions for our consideration are whether the court erred in denying the petition for a change of venue and the motion for a jury trial.

The petition for a change of venue was made upon the eve of trial. Whether the petition came too late or whether reasonable notice of the presentment of the petition was given, were questions calling for the exercise of discretion on the part of the trial court. *Hutson v. Wood,* 263 Ill. 376.

The right to a trial by jury in a divorce case is statutory. The statute, Cahill's St. ch. 40, ¶ 8, provides that, "When the defendant appears and denies the charges in the complainant's bill for a divorce, either party shall have the right to have the cause tried by a jury."

The motion need not be in writing and is not too late if made when the cause is called for trial. *Van Vlissingen v. Van Vlissingen,* 173 Ill. App. 124.

The motion of the defendant for a jury trial should have been granted.

The judgment of the superior court of Cook county is accordingly reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

WILSON, P. J., and HOLDOM, J., concur.